### J. E. HASTY ET AL. v. TOWN OF SOUTHERN PINES ET AL.

(Filed 27 January, 1932.)

(For digest see *Highlands v. Hickory, ante,* 167.)

APPEAL by plaintiffs from *Finley, J.,* at Chambers in Carthage, on 30 September, 1931. From MOORE. Affirmed.

This is an action to enjoin the defendant, the town of Southern Pines, its mayor and board of commissioners, from exercising as a municipal corporation, within the corporate limits of the town of West Southern Pines, governmental powers, and for judgment declaring that an act of the General Assembly of this State, repealing the statute under which the town of West Southern Pines was incorporated as a municipal corporation, and extending the corporate limits of the town of Southern Pines to include therein the territory included within the corporate limits of the town of West Southern Pines, unconstitutional and void.

The action was heard on a demurrer to the complaint on the ground that the facts stated therein are not sufficient to constitute a cause of action on which the plaintiffs are entitled to the relief demanded.

The demurrer was sustained and the action dismissed. Plaintiffs excepted and appealed to the Supreme Court.

*R. M. Andrews for plaintiffs.*
*Ernest N. Poate and U. L. Spence for defendants.*

CONNOR, J. The town of West Southern Pines in Moore County, North Carolina, was incorporated by an act of the General Assembly

of this State, chapter 210, Private Laws 1923. It was duly organized and in existence as a municipal corporation on 3 March, 1931. At its regular session in 1931, the General Assembly enacted chapter 39, Private Laws 1931. This act is entitled, "An act to repeal and abrogate the charter of the town of West Southern Pines in Moore County, and to annex the territory within the territorial limits thereof to the town of Southern Pines." By its terms this act became in full force and effect on 3 March, 1931.

Plaintiffs, who are citizens of this State and residents of the territory included within the corporate limits of the town of West Southern Pines, challenge the validity of chapter 39, Private Laws 1931, on the ground that the General Assembly was without power, because of constitutional limitations, to enact the same. This challenge cannot be sustained. The judgment is affirmed in accordance with our decision in *Highlands v. Hickory, ante,* 167.

Affirmed.